UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OSCAR MACHICOTE,

        Plaintiff,

v.                                              Case No: 6:20-cv-1907-GKS-EJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying his application for disability insurance benefits ("DIBs"), alleging November 1, 2014, as the disability onset date. (Doc. 22 at 1.) In a decision dated April 16, 2020, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 13–26.) Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the joint memorandum (Doc. 22), and the applicable law. For the reasons stated herein, the undersigned respectfully recommends that the Commissioner's decision be affirmed.

### I.  ISSUES ON APPEAL

Plaintiff makes the following arguments on appeal:

1. The ALJ erred in determining that Plaintiff has the residual functional capacity ("RFC") to perform medium work with some additional non-exertional limitations after failing to adequately weigh and consider the opinions of Plaintiff's treating physicians and Plaintiff's use of a cane.

2. The ALJ improperly relied on the testimony of the Vocational Expert ("VE") after posing and relying on a hypothetical that did not accurately reflect Plaintiff's limitations.

3. The ALJ's consideration of Plaintiff's credibility and subjective complaints was not sufficient.

(*See* Doc. 22.)

## II. STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. ANALYSIS

### A. Whether the ALJ erred in determining Plaintiff's RFC

Plaintiff argues the ALJ erred in determining Plaintiff has the RFC to perform medium work because the ALJ failed to "adequately weigh and consider the opinions of the claimant's treating physicians and the claimant's use of a cane." (Doc. 22 at 12.) The undersigned addresses each of these issues in turn.

*i. Renu Das, M.D.*

Plaintiff argues the ALJ did not establish good cause for assigning little weight to the opinion of Renu Das, M.D. ("Dr. Das"), Plaintiff's treating physician. (Doc. 22 at 17.) Plaintiff contends the first reason the ALJ provided, "that the claimant understood risks and benefits of the procedure and wished to proceed," cannot constitute good cause because the record shows this occurred during an office visit before Plaintiff "was seen by Dr. Das or even began exhibiting depressive symptoms." (*Id.*) Plaintiff argues the second reason the ALJ provided, that Plaintiff could understand a treatment plan, is supported only by a check box at the bottom of a document where the "doctor indicated the claimant verbally understood the plan for treatment" for shingles. (*Id.* at 18.) Plaintiff also states that this should not constitute good cause for assigning little weight to Dr. Das's opinion. Finally, Plaintiff argues that the ALJ's finding that "there was no evidence that the claimant was socially withdrawn or exhibited isolative tendencies" does not fully address Dr. Das's opinion, which "deals with far more limitations than just limitations regarding the claimant's social functioning." (*Id.*)

The Commissioner responds that, as a whole, the ALJ's decision to accord Dr. Das's opinion little weight is supported by substantial evidence. (Doc. 22 at 22.) The Commissioner highlights several instances in which the ALJ noted Dr. Das's opinion was inconsistent with the record evidence. For example, treatment notes demonstrating that Plaintiff "understood the risks and benefits of his treatment regimen" were inconsistent with Dr. Das's opinion that Plaintiff had difficulties

- 3 -

sustaining attention. (*Id.*) Additionally, the ALJ found "Dr. Das's opinion that Plaintiff had moderate difficulties maintaining social functioning was inconsistent with the evidence." (*Id.* at 23.) The ALJ also made note of Plaintiff's "minimal" treatment for symptoms of depression. (*Id.*) The Commissioner maintains these reasons provide substantial evidence to support the ALJ's conclusion.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the opinions of medical and non-medical sources. 20 C.F.R. § 404.1545(a)(3).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel*, 631 F.3d at 1178–79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the

record as a whole, and the physician's specialty. *See* 20 C.F.R. § 416.927(c).[1] Although the "testimony of a treating physician is generally entitled to 'substantial or considerable weight,' the ALJ may discount that testimony when there is 'good cause.'" *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015) (quoting *Lewis*, 125 F.3d at 1440). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. *Lewis*, 125 F.3d at 1440. The Court will not "second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it." *Hunter*, 808 F.3d at 823.

Here, I find that the ALJ properly considered whether Dr. Das's opinion was consistent with the record and articulated a specific justification for assigning the opinion little weight. Dr. Das opined that Plaintiff had a moderate to severe degree of difficulty in maintaining social functioning and activities of daily living. (Tr. 686.) Upon review of the record, the ALJ found that "there was no evidence, besides subjective allegations that the claimant was socially withdrawn or exhibited isolative tendencies." (*Id.* at 24.) As the Commissioner highlights, the ALJ noted that Plaintiff was able to "live independently" and "engage in activities of daily living, such as playing team sports." (*Id.* at 19–20.) The ALJ noted that Plaintiff played softball,

---

[1] Although the Commissioner has adopted new regulations for considering medical opinions for claims filed on or after March 27, 2017 (*see* 20 C.F.R. § 416.920c), the claims here were filed in 2015, so the rules in § 416.927 apply.

bicycled, and went to the gym. (*Id.* at 23.) While Plaintiff "reported depression symptoms," he had "minimal treatment and worked for some time despite these symptoms." (*Id.* at 23–24.) Additionally, the ALJ found that Plaintiff's treatment with Dr. Das was "infrequent, with good improvement noted with medication." (*Id.* at 24.)

In sum, the ALJ found that Dr. Das's opinion was not entirely consistent with the record evidence and gave it less weight on that basis. Because the ALJ articulated a specific justification that was supported by adequate rationale, the undersigned recommends the Court find there was substantial evidence to support the ALJ's decision to assign Dr. Das's opinion little weight.

### ii. *Nathan Hill, M.D.*

Plaintiff lists several of the findings from the treatment notes of Nathan Hill, M.D. ("Dr. Hill"), and states that the ALJ erred by failing to indicate the weight assigned to Dr. Hill's opinion. (Doc. 22 at 18–19.) Plaintiff contends it is "impossible to determine if this evidence was properly considered by the ALJ and how it was factored, if at all, into the residual functional capacity determination." (*Id.* at 20.) The Commissioner responds that the ALJ's decision "reflects a discussion of Dr. Hill's treatment notes as part of the ALJ's RFC analysis," but that the treatment notes do not constitute medical opinions such that the ALJ was required to specifically weigh them because the notes "do not comment on Plaintiff's ability to do work." (*Id.* at 24.) The Commissioner argues that even if the treatment notes were considered medical opinions, there would be no error because the notes do not reflect greater limitations than those assessed by the ALJ. (*Id.* at 25.)

Medical opinions are defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of [claimant's] impairment(s), including [claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite impairment(s), and [claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Treatment notes can, but do not always, constitute medical opinions. *Baez v. Colvin*, No. 14-21862-CIV, 2016 WL 11110181, at *7 (S.D. Fla. Mar. 2, 2016), *report and recommendation adopted*, 2016 WL 11110196 (S.D. Fla. Mar. 21, 2016) (explaining that the Eleventh Circuit concluded treatment notes from a specific physician constituted a "medical opinion" because of "the *content* of the specific treatment notes in question however; it did not conclude that all treatment notes must be referenced and weighted by the ALJ.").

Here, the undersigned agrees with the Commissioner that Dr. Hill's treatment notes do not constitute medical opinions for purposes of the regulations. *See* 20 C.F.R. § 404.1527(a)(1). Dr. Hill's treatment notes simply record objective findings as well as Plaintiff's reported subjective complaints. For example, Plaintiff argues the treatment notes show that Plaintiff experienced increased pain with movement, lifting, gripping, and daily activities. (Doc. 22 at 19.) A review of Dr. Hill's treatment notes reveal these findings were in response to pre-set statements to which Dr. Hill indicated "yes" or "no." (*See* Tr. 634–35.) Beyond the "yes" or "no" indication, Dr. Hill did not opine as to Plaintiff's functional abilities or limitations. Plaintiff also contends that the "record from Dr. Hill shows that" Plaintiff had "right wrist pain indicating that he was experiencing radiating pain from his wrist down to his first through fifth digits." (Doc.

22 at 18–19.) Again, upon review of the treatment notes, Dr. Hill wrote: "*Patient states having radiating pain from right wrist down to his 1st – 5th digit.*" (Tr. 704.) Treatment notes that list Plaintiff's subjective complaints do not constitute medical opinions. *Duarte v. Comm'r of Soc. Sec.*, No. 8:15-cv-1465-T-36TBM, 2016 WL 5403413, at *5 (M.D. Fla. Sept. 28, 2016). In sum, even the instances Plaintiff cites do not show Dr. Hill "opining on [Plaintiff's] functional limitations or how his conditions affected his ability to work." *Alvarez v. Comm'r of Soc. Sec.*, 848 F. App'x 823, 825 (11th Cir. 2021). As such, the ALJ was not required to assign Dr. Hill's treatment notes weight.

The ALJ nonetheless considered Dr. Hill's treatment notes in discussing the RFC finding, noting that "Dr. Hill described [Plaintiff's] right hand/wrist osteoarthritis [ ] as 'mild'" and that Plaintiff "had none to minimal treatment for most of the alleged period of disability." (Tr. 23.) Additionally, the ALJ noted that, based on treatment records from Dr. Hill, "there were no reports of gait instability or imbalance after [Plaintiff's] knee replacement operation." (*Id.*) Thus, the undersigned agrees with the Commissioner that even if the notes were viewed as medical opinions, there would be no error because the treatment notes do not reflect greater limitations than those assessed by the ALJ.

### iii. Cane

Finally, Plaintiff argues the ALJ's RFC determination "contravene[s] Social Security Ruling (SSR) 96-9p . . . by failing to include the claimant's need for a cane." (Doc. 22 at 20.) Plaintiff states the record shows he required the use of a cane, but that the ALJ did not affirmatively indicate whether she rejected Plaintiff's need for a cane.

(*Id.* at 21.) Defendant responds that the standard in SSR 96-9p concerning the use of hand-held assistive devices does not apply in this case because SSR 96-9p applies only where a claimant's RFC is for a restricted range of sedentary work. (*Id.* at 26.)

The undersigned agrees that Plaintiff's reliance on SSR 96-9 is misplaced. The stated purpose of SSR 96-9p is to "explain the Social Security Administration's policies regarding the impact of a [RFC] assessment for less than a full range of sedentary work." SSR 96-9p, 1996 WL 374185, at *1 (July 2, 1996). Here, the ALJ found Plaintiff has the RFC to perform medium work. (Tr. 22.)

Although the parties have not directed the Court to any Eleventh Circuit decisions addressing whether SSR 96-9p applies to cases where the claimant is found to have an RFC to perform more than sedentary work, nor has the Court located any cases independently, based on a plain reading of the SSR and a review of other cases within the circuit, the undersigned concludes that SSR 96-9p does not apply in this case. *See Dalton v. Comm'r of Soc. Sec.*, No. 6:19-cv-300-Orl-37LRH, 2019 WL 7484128, at *4 n.4 (M.D. Fla. Dec. 16, 2019), *report and recommendation adopted*, 2020 WL 60185 (M.D. Fla. Jan. 6, 2020) ("Here, the ALJ found the Claimant has the RFC to perform medium work, therefore it does not appear that the standard in SSR 96-9p concerning the use of hand-held assistive devices applies in this case."); *Coleman v. Colvin*, No. 8:14-cv-741-T-MAP, 2016 WL 7334640, at *4 (M.D. Fla. Jan. 11, 2016) (SSR 96-6p "applies only in situations where a claimant's RFC is for a restricted range of sedentary work."); *Hart v. Colvin*, No. 5:12-cv-156/EMT, 2013 WL 4736841, at *15 (N.D. Fla. Aug. 30, 2013) ("By its title and stated purpose, therefore, SSR 96-9p applies to

claimants with an RFC of less than the full range of sedentary work, not to claimants with an RFC to perform light work such as Plaintiff in the instant case."); *but see Williams v. Acting Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-764-J-MCR, 2019 WL 2511592, at *3–4 (M.D. Fla. June 18, 2019) (considering SSR 96-9p where the claimant was found to have an RFC to perform light work). Thus, I respectfully recommend that the Court find that the ALJ did not err in the matter of Plaintiff's purported need for a cane.

### B. Whether the ALJ improperly relied on the testimony of the Vocational Expert

Plaintiff argues that the hypothetical posed to the VE did not accurately reflect Plaintiff's limitations, and thus the ALJ's reliance on the VE's testimony was improper. (Tr. 27–28.) Specifically, Plaintiff contends that, because the ALJ failed to "adequately consider the opinion of [his] treating physicians and the use of a cane," the VE's testimony should be rejected and the Court should find the ALJ committed a legal error. (*Id.* at 28.) The Commissioner responds that Plaintiff bears the burden of proving he cannot perform his past relevant work, and Plaintiff did not meet this burden when he failed to "prove that he had additional work-related limitations," as argued above. (*Id.* at 29–30.)

At step five of the sequential evaluation, the ALJ must determine whether jobs exist in significant numbers in the national economy that a plaintiff can perform. *Winschel*, 631 F.3d at 1180. To make this determination, an ALJ may obtain the testimony of a vocational expert. *Id.* For the vocational expert's opinion to constitute

substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013).

Plaintiff's argument that the hypothetical posed to the VE did not accurately reflect Plaintiff's limitations fails because, as discussed *supra*, the undersigned found no error in the ALJ's RFC determination. *See supra* III(A). Because the ALJ's RFC determination is supported by substantial evidence and the RFC was incorporated into the hypothetical question posed to the VE, the ALJ did not err in relying on the VE's opinions. *See Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) ("The ALJ is not required to include findings in a hypothetical to a vocational expert that the ALJ has found to be unsupported."). Accordingly, the undersigned recommends that the Court find that the ALJ's reliance on the VE's testimony was proper.

### C. Whether the ALJ properly considered Plaintiff's credibility and subjective complaints

In his final argument, Plaintiff contends that the ALJ's credibility finding is nothing more than "boiler plate type language," and that the ALJ failed to articulate her reasons for discounting Plaintiff's testimony. (Tr. 31–32.) The Commissioner argues that the ALJ's decision contains "numerous specific findings," and is both "explicit and supported by citation to specific evidence" to provide a reasonable basis

to conclude Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id.* at 35–37.)

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. Under this standard, a claimant must show evidence of an underlying medical condition and either objective medical evidence that confirms the severity of the alleged symptom arising from the condition or evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).

"If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995). Such reasons must be supported by substantial evidence and "take into account and evaluate the record as a whole." *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562.

Here, the ALJ stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of

> these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 23.)

While the undersigned agrees that the quoted credibility determination constitutes boilerplate language commonly found in Social Security decisions, the paragraphs immediately following lay out specific facts with which the ALJ clearly articulated reasons in support of her credibility determination. (*See id.*) In fact, the next sentence states, "As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because the severity of his impairments is not evidenced in the record as a whole." (*Id.*) The ALJ then detailed instances in the medical record that undermine Plaintiff's credibility.

First, the ALJ discussed that Plaintiff had "reported pain in his knees that was exacerbated by the level of his daily activities." (Tr. 23.) The ALJ noted, however, that Plaintiff was able to complete "softball season" and ride his bike despite his knee issues. (*Id.*) Following a total right knee replacement in October 2015, the ALJ found that medical records showed Plaintiff was "doing well," that the right knee showed well-aligned placement, and that there were "no reports of gait instability or imbalance." (*Id.*) In fact, treatment notes from November 2018 "showed that [Plaintiff] continued with his improvement and was 'doing well.'" (*Id.*) Second, with respect to the osteoarthritis in Plaintiff's right wrist, the ALJ noted Plaintiff claimed "'moderate improvement' of his wrist pain with a combination of Depomedrol and Lidocaine" and had "none to minimal treatment for most of the alleged period of disability." (*Id.*)

The ALJ then specifically noted that Plaintiff "engaged in activities inconsistent with his allegations," including "playing softball, bicycling, and going to the gym." (*Id.*)

The ALJ provided numerous reasons that were well-supported by the evidence to conclude Plaintiff's subjective complaints were not entirely consistent with the record. Accordingly, the undersigned recommends that the Court find that the ALJ did not err in considering Plaintiff's credibility and subjective complaints.

### IV. RECOMMEDATION

Upon consideration of the foregoing, I respectfully recommend that:

1. The Commissioner's decision be **AFFIRMED**.
2. The Clerk of Court be **DIRECTED** to enter judgment accordingly and close the file.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on January 3, 2022.

							_____
							EMBRY J. KIDD
							UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record